# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

THOMAS PATTI,
*individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

BRINKER INTERNATIONAL, INC.
*d/b/a* CHILI'S BAR AND GRILL,

    Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff THOMAS PATTI ("Plaintiff") brings this class action against Defendant Brinker International, Inc. *d/b/a* Chili's Bar and Grill ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. To promote its clothing sales company, Defendant engages in unsolicited text messaging with no regard for consumers' privacy rights.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/27/2020 10:48:32 AM.****

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number \*\*\*-\*\*\*-8550 (the "8550 Number").

5. Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Delaware and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Dallas, Texas. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida *via* an automated telephone dialing system ("ATDS") and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

9. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory

opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## THE TELEPHONE CONSUMER PROTECTION ACT

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12. The TCPA exists to prevent communications like the ones described within this Complaint. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

13. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. A defendant must demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30

FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

16. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

17. On or about October 7, 2020, at 4:34 p.m., Defendant sent the following unsolicited text messages to Plaintiff's cellular telephone number:



18. Plaintiff received the subject text message within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

19. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

20. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

21. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted using an ATDS.

22. The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message.

23. The number used by or on behalf of Defendant, *i.e.*, 244547, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

24. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a long-code short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

25. Upon information and belief, to send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

26. The Platform has the capacity to store telephone numbers.

27. The Platform has the capacity to generate sequential numbers.

28. The Platform has the capacity to dial numbers in sequential order.

29. The Platform has the capacity to dial numbers from a list of numbers.

30. The Platform has the capacity to dial numbers without human intervention.

31. The Platform has the capacity to schedule the time and date for future transmission of text messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of one class and is defined as:

> All persons who from four years prior to the filing of this action until the date of a certification order [1] were sent a text message to his or her cellular phone number by Defendant or on Defendant's behalf [2] using the same equipment used to send the text messages to Plaintiff [3] for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

34. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35.   The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

36.   There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

37.   The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

38.   Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

39.   Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

<u>SUPERIORITY</u>

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**<u>VIOLATION OF 47 U.S.C. § 227(b)</u>**
*Individually and on behalf of the No Consent Class*

42. Plaintiff re-alleges and incorporates paragraphs 1-41 as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. The TCPA defines an "automatic telephone dialing system" (ATDS) as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at § 227(a)(1).

45. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

46. These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and/or the other members of No Consent Class when such calls were made.

47. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and/or the other members of the No Consent Class without their prior express consent.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls.

49. WHEREFORE, Plaintiff, individually and on behalf of the other members of the No Consent Class, prays for the following relief:

   (a) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(b) A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(c) An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(d) An award of actual, statutory damages, and/or trebled statutory damages; *and*

(e) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

50. Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

51. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: October 27, 2020

Respectfully submitted,

/s/ Ignacio J. Hiraldo
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
**IJH Law**
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

Seth M. Lehrman, Esq.
(FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Counsel for Plaintiff and the Class*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

**THOMAS PATTI**,
*individually and on behalf of all others similarly situated,*

        Plaintiff,

vs.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**BRINKER INTERNATIONAL, INC.**
*d/b/a* **CHILI'S BAR AND GRILL**,

        Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

**Brinker International, Inc.**
Registered Agent:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
251 LITTLE FALLS DRIVE
Wilmington, DE 19808

Each defendant is required to serve written defenses to the complaint or petition on **Ignacio J. Hiraldo, IJH Law, Plaintiff's attorney, whose address is 1200 Brickell Ave Suite 1950, Miami, FL 33131, Email: ijhiraldo@ijhlaw.com, Tel: 786-496-4469,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED    OCT 28 2020

BRENDA D. FORMAN
As Clerk of the Court

BY: _____
As Deputy Clerk

*BRENDA D. FORMAN*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 10/27/2020 10:48:32 AM.****

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.**    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Thomas Patti</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>Brinker International, Inc.</u>
Defendant

    **II.**    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.**    **TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/27/2020 10:48:32 AM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☒

    IV.    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    V.    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    1

    VI.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

    VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    VIII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ignacio Javier Hiraldo        Fla. Bar # 56031
        Attorney or party               (Bar # if attorney)

Ignacio Javier Hiraldo                 10/27/2020
(type or print name)                   Date

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: CACE-20-017897

Thomas Patti
**Plaintiff**

Judge Division: 02

VS

Brinker International, Inc
**Defendant**

FILED OCT 28 2020
By: [signature]

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: NONE

Brenda D. Forman
Circuit and County Courts

By: [signature]

Deputy Clerk

# Affidavit of Process Server

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

| THOMAS PATTI | VS | BRINKER INTERNATIONAL, INC. d/b/a CHILI'S BAR AND GRILL | CACE-20-017897 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

KEVIN S. DUNN being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 10/30/2020

**Service:** I served BRINKER INTERNATIONAL, INC. d/b/a CHILI'S BAR AND GRILL
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS; COMPLAINT WITH JURY DEMAND; CIVIL COVER SHEET; PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

by leaving with LYNANNE GARES (MANAGING AGENT) At
NAME          RELATIONSHIP

☐ Residence
ADDRESS          CITY / STATE

☒ Business  C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC., 251 LITTLE FALLS DR., WILMINGTON, DE 19808
ADDRESS          CITY / STATE

On  10/30/2020  AT  12:30 PM
DATE          TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE
from _____
CITY     STATE     ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Canceled by Litigant    ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist    ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
                                                  DATE   TIME      DATE   TIME
(3) _____ (4) _____ (5) _____
 DATE   TIME    DATE   TIME    DATE   TIME

Age 45  Sex FEMALE  Race WHITE  Height 5'5  Weight 180  HAIR BROWN

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 30TH day of OCTOBER, 2020.

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of DELAWARE

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/31/2020 09:20:07 AM.****
NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE-20-17897 (02)

**THOMAS PATTI**,
*individually and on behalf of all others similarly situated,*

Plaintiff,

**CLASS ACTION**

v.

**JURY TRIAL DEMANDED**

**BRINKER INTERNATIONAL, INC.**
*d/b/a* **CHILI'S BAR AND GRILL**,

Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY E-MAIL ADDRESS IN COMPLIANCE WITH NEW MANDATORY E-MAIL SERVICE RULE

Attorney Seth M. Lehrman and the law firm of Edwards Pottinger LLC hereby file this notice of appearance as counsel of record for Plaintiff, THOMAS PATTI, in the above-styled cause.

In accordance with Florida Rule of Civil Procedure 1.080 (as amended effective September 1, 2012) and new Florida Rule of Judicial Administration 2.516 (as enacted effective September 1, 2012), **SETH M. LEHRMAN,** and the law firm of EDWARDS POTTINGER LLC, hereby designate their Primary and Secondary e-mail addresses as follows:

Primary E-mail:    staff.efile@epllc.com
Secondary E-mail:  seth@epllc.com and iris@epllc.com

and request that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on them at the Primary and Secondary E-mail addresses listed above, with such service e-mail complying with Rule 2.516(b)(1)(E). Where service of hard copies is to be

made in addition to the e-mail service required by new Rule 2.516(b)(1)(A), counsel requests that the copies be served upon them at the physical address listed below.

### CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that this Notice of Appearance and Designation of Email Address was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(e).

I FURTHER CERTIFY that the Notice was served electronically in compliance with Florida Rule of Judicial Administration 2.516(b)(1)(E) to all persons on the Service List on this 3rd day of November, 2020.

I FURTHER CERTIFY for purposes of service of any documents after initial process that staff.efile@epllc.com is primary and seth@epllc.com and iris@epllc.com as secondary.

EDWARDS POTTINGER LLC
*Attorneys for Plaintiff(s)*
425 North Andrews Avenue, Suite 2
FORT LAUDERDALE, FL 33301
(954)524-2820 TELEPHONE
(954)524-2822 Fax
seth@epllc.com

BY: */s/ Seth M. Lehrman*
Seth M. Lehrman
FLORIDA BAR # 132896